**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angela GONZALEZ–CAPETILLO,**
**Defendant–Appellant.**

**No. 03–40045.**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2005.

James Lee Turner, Julia Bowen Stern, Assistant U.S. Attorneys, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Angela Gonzalez–Capetillo. *United States v. Gonzalez–Capetillo*, 86 Fed.Appx. 774 (5th Cir.2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Gonzalez–Capetillo v. United States*, —— U.S. ——, 125 S.Ct. 1021, 160 L.Ed.2d 1005 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Gonzalez–Capetillo argues that she is entitled to resentencing because the district court erred under *Booker* by basing her sentence on the amount of cocaine found by the judge and by imposing the sentence under a mandatory application of the United States Sentencing Guidelines. This court will not consider a *Booker*-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir.2005).

Gonzalez–Capetillo concedes that she cannot make the necessary showing of plain error that is required by our prece-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dent in *United States v. Mares,* 402 F.3d 511, 520 n. 9 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Moreover, this court has rejected her argument that a *Booker* error is a structural error or that such error is presumed to be prejudicial. *See Mares,* 402 F.3d at 520–22; *see also United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297). Because she has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." *Taylor,* 409 F.3d at 677.

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Gonzalez–Capetillo's conviction and sentence.

AFFIRMED.